IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT PAUL HADE, | * | |
| Petitioner, | * | Civil Action No. RDB-13-01111 |
| v. | * | Criminal Action No. RDB-10-0786 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

The *pro se* petitioner Robert Paul Hade (hereinafter "Petitioner") has filed a "Motion for Recusal of Judge Bennett" (ECF No. 87).[1] As the basis for his motion, Petitioner points to two statements made by the undersigned during a hearing. Specifically, the undersigned commented that his appointed counsel was a "good lawyer" and that Petitioner was "lucky to have him." After reviewing Petitioner's Motion, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, Petitioner's "Motion for Recusal of Judge Bennett" (ECF No. 87) is DENIED.

Petitioner has correctly identified the relevant source of law for his motion for recusal. Under 28 U.S.C. § 455, any judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This determination is an objective inquiry that considers "whether a person with knowledge of the

---

[1] By separate Memorandum Opinion and Order, this Court will deny the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 76) filed pursuant to 28 U.S.C. § 2255 and Motion for Appointment of Counsel (ECF No. 82), and will deny as moot his Motion for Continuance (ECF No. 83), and Motion for Calendar Advancement (ECF No. 88).

relevant facts and circumstances might reasonably question the judge's impartiality." *Gregg-Wilson v. EFC Trade, Inc.*, Civ. A. 1:12-01355, 2013 WL 3712081, at *2 (D.S.C. July 12, 2013) (quoting *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003)). Section 455(b) also provides for mandatory recusal in certain specific situations, including cases where the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* § 455(b)(1).

Alternatively, 28 U.S.C. § 144 requires recusal where a party in the United States District Court demonstrates by a timely and sufficient affidavit that the judge "has a personal bias or prejudice either against him or in favor of any adverse party."[2] *Id.* § 144. As such, "where actual bias is demonstrated pursuant to 28 U.S.C. § 144, recusal will generally also be required . . . under 28 U.S.C. § 455(a)'s standard of an appearance of bias." *Gregg-Wilson*, 2013 WL 3712081, at *3 n.2.

Petitioner has failed to demonstrate the need for recusal under either standard. Under Fourth Circuit law, it would be inappropriate for a judge to recuse himself "simply because of unsupported, irrational or highly tenuous speculation." *Cherry*, 330 F.3d at 665. Indeed, "[o]nly in rare circumstances will a judge's prior involvement in a case warrant recusal." *Poole v. United States*, No. RDB-12-0478, 2013 WL 594690, at *6 (D. Md. Feb. 15, 2013), *aff'd*, 640 F.3d 114 (4th Cir. 2011). Moreover, "a presiding judge need not recuse himself simply because he possesses some tangential relationship to the proceedings." *Cherry*, 330 F.3d at 665 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Personal bias toward counsel only warrants recusal when bias "rises to the level of 'demonstrat[ing] a bias against the party itself.'" *Belue v. Leventhal*, 640 F.3d 567, 574 (4th Cir. 2011) (judicial remarks that are "critical or disapproving

---

[2] The main difference between the bias analysis under § 455 and under § 144 is that "[t]he procedures for seeking recusal under 28 U.S.C. § 144 differ from those under § 455(b)(1)." *See Gregg-Wilson*, 2013 WL 3712081, at *3 n.2.

of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.") (quoting *In Re Beard*, 811 F.2d 818, 830 (4th Cir. 1987); *Andrade v. Chojnacki*, 338 F.3d 448, 458 (5th Cir. 2003) ("[A judge's] compliments in the course of legal proceedings should not ordinarily support a partiality challenge."); *United States v. Warren*, No. 10-154, 2013 WL 587903, at *3 (E.D. La. Feb. 13, 2013) ("The Court's compliment, perceived by a reasonable observer, was simply a 'compliment, not a subliminal message of wrongful bias.'") (citing *Andrade*, 338 F.3d at 458). Accordingly, the Fourth Circuit has stated that, "while recusal motions serve an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." *Belue v. Leventhal*, 640 F.3d 567, 574 (4th Cir. 2011).

In this case, Petitioner's Motion for Recusal is just the type of "brushback" identified by the Fourth Circuit. *Id.* In essence, Petitioner now seeks to recuse the undersigned simply because of a mere compliment that the undersigned made to Petitioner's attorney. Petitioner asserts that the undersigned's comment that his appointed counsel was a "good lawyer" and that Petitioner was "lucky to have him" demonstrates bias. However, this argument has no merit. Not only is it perfectly appropriate for judges to compliment the attorneys for their advocacy, such statements in no way reflect wrongful bias against the party. For example, even in *United States v. Cherry*, the case on which Petitioner relies, the defendant argued the judge was required to recuse himself because the judge had a close personal relationship with the victim in the case and the judge had previously written the victim a "letter of appreciation" for the victim's support during his judicial nomination. *United States v. Cherry*, 330 F.3d 658, 666 (4th Cir. 2003). The court reasoned because it is "common and perfectly appropriate" for citizens to support judicial nominees and judicial nominees to acknowledge this support, "no reasonable observer would

3

question the judge's impartiality." *Id.* (noting "the more common a potentially biasing circumstance and the less easily avoidable it seems, the less that circumstance will appear to a knowledgeable observer as a sign of partiality.") (internal quotation marks omitted) (citing *DeTemple*, 162 F.3d at 287). Simply commending counsel for his or her advocacy skills, or past performances is "common" and "appropriate" and no reasonable observer would conclude a judge was biased or prejudiced against that counsel's client based on such remarks. *Id.* Further, if "critical," "hostile," or "disapproving" comments of assigned counsel do not rise the level of prejudice required for recusal, certainly stating that assigned counsel is a "good lawyer" will not. *Beard*, 811 F.2d at 830.

Moreover, Petitioner's Motion was not timely filed. Although the main contentions in Petitioner's Motion relate to issues pertaining to an unspecified "early hearing after Mr. Montemarano had been appointed to the defendant," Petitioner waited more than two years to file his Motion.[3] In the interim, Petitioner has filed a number of motions in this Court and appeals to the Fourth Circuit attacking his conviction and sentence. However, Petitioner has offered no reason to explain his delay. As such, Petitioner's delay is fatal to his Motion. *See Greer v. Hogsten*, No. 1:12-1355, 2013 WL 5464735, at *2 (S.D.W.V. Sept. 30, 2013); *see also Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 794-95 (2d Cir. 2002); *Roth v. Mims*, 298 B.R. 272, 281 (N.D. Tex. 2003) (stating that "one seeking disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification" and that the "most egregious delay" is when a party knows the pertinent facts "but waits until after an adverse decision has been made by the judge before raising the issue of recusal" (internal quotation marks omitted)).

---

[3] Specifically, Counsel for the Petitioner was initially appointed on March 15, 2011, s*ee* ECF No. 30, and Petitioner was sentenced on December 5, 2011, *see* ECF No. 52. However, Petitioner did not file his Motion to Recuse until two years thereafter on December 9, 2013.

4

For these reasons, IT IS this 19th day of March, 2014, HEREBY ORDERED that:

1. The "Motion for Recusal of Judge Bennett" (ECF No. 87) is DENIED; and

2. Copies of this Order shall be sent to the Petitioner and to Counsel of Record.

/s/
Richard D. Bennett
United States District Judge